Pearson, C. J.
 

 The exception to the competency of Turner as a witness on the side of the plaintiff, is well taken. The witness had a direct interest to support the title of Brown, because of his liability to him, in the event of his losing the-land by the provision of the statute, Revised Code, chap.
 
 45,
 
 section 27. It does not appear from the case, as made out, that the deed of Turner to
 
 Smith,
 
 contained a warranty, and in the transfer of land, a warranty is-not implied; consequent
 
 *333
 
 ly, there was no corresponding liability of the witness to Smith, so as to bring the question within the rule of a witness having an interest on
 
 both sides.
 
 Eor this error, there will be a
 
 venire de
 
 novo, and we are not at liberty to enter upon the question, discussed at the bar, and on which the case seems to have turned, on the trial, in the Court below.
 

 "We will suggest, however, that there seems to be nothing to prevent the application of the principle, that when both parties claim title under the same person, the defendant cannot defend an action by showing title in a third person, unless he has acquired such outstanding title, or connects himself with it. This suggestion seems called for to prevent a repetition of what has occurred at this term — a point is fully argued, and upon examination, the Court finds that is excluded by a preliminary matter.
 

 Per Curiam,
 

 Judgment reversed.